# New York Marine Court.

*Trial Term—March,* 1882.

## JACOB HARRIS *against* FREDERICK H. LYON ET AL.

An action will lie for the conversion of trade dollars. What amounts to such a conversion.

McADAM, J.—On December 29, 1881, the plaintiff purchased 2,000 trade dollars of the defendants. He

gave them $2,000 in cash and received $1,000 worth of trade dollars, then $500 more ; these were delivered on the 29th.

The defendants then gave the plaintiff a writing in these words :

"Due Jacob Harris, December 29, '81, five hundred and four trade dollars, deliverable 30th inst., discount paid.

"F. H. LYON & Co."

These five hundred and four trade dollars were not delivered, and on the same afternoon the defendants failed (see the defendant's letter, dated December 29, 1881).

This failure; following immediately after the receipt of the plaintiff's money, is, in the absence of any explanation whatever, clear evidence of fraud (Roebling v. Duncan, 8 *Hun*, 502 ; affirmed, 67 *N. Y.* 598).

This is the necessary effect, if not design, of the transaction. If the defendants were bankrupt or insolvent, they had no right to conceal their embarrassed condition, accept the plaintiff's money, and make him the creditor of a bankrupt concern without his consent. It was not an ordinary business transaction : it was never designed that credit should be given to the defendants, or that the plaintiff was to become their creditor. The relation of debtor and creditor was not formed, nor was it contemplated. The defendants were bound to give the plaintiff the five hundred and four trade dollars or return his $500. The latter was not to become the defendants' property until the five hundred and four trade dollars became the plaintiff's. If A. goes to a broker and asks cash for a bank check, and the broker says, "Leave the check and come back in half an hour for your money," and A. returns in

half an hour, and it then transpires that the broker has in the meantime obtained the cash on the check, appropriated it to his own use, can the broker turn to A., and legally say, "I have misappropriated your money and have failed, and you must come in with my other creditors and accept your *pro rata* dividend from my assigned estate"? I think not. A. may under such circumstances maintain an action against the broker for the conversion of his check, and the damages recoverable will be the full value of it (Neale *v.* Weare Bank, 3 *Allen*, 202 ; Norton *v.* Kidder, 54 *Maine*, 89).

The defendants had no right to appropriate to their own use any part of the plaintiff's $500 until they had delivered the trade dollars. The delivery of the trade dollars was the condition precedent to the passing of title to the plaintiff's money. This condition was never performed, nor had the defendants the ability to perform it, at the time nor since.

On what principle of law or justice the defendants can truly claim that they acquired title to the plaintiff's money has not been made clear to my mind. When the defendants discovered their insolvent condition and their inability to perform, they should either have declined to receive the plaintiff's money, or have returned it immediately afterward. They had no right to use it as their own.

The plaintiff has declared upon the transaction, and the pleadings may be considered as amended so as to claim for a conversion of the plaintiff's money.

The case of Morange *v.* Waldom, 6 *Hun*, 529, is inapplicable to the question involved here. There the identical money did not belong to the creditor. In this case the identical money did not belong to the plaintiff, and he never parted with his title to it.

The case of Jackson *v.* Anderson, 4 *Taunt.* 14, is applicable ; there it appeared that upon a shipment of

Harris *v.* Lyon.

a barrel of dollars, the plaintiff had title to 1,969, the action was in trover, for converting that number of dollars. It also appeared that no separation was ever made of the 1,969 from the whole, and an objection was taken on that ground against the form of action, but MANSFIELD, Chief Justice, said: "We think there is no difficulty in that point; the defendant has disposed of all the dollars, consequently he has disposed of those which belonged to the plaintiff, and as all are of the same value it cannot be a question what particular dollars were his." . . .

If a man keeps all and has no right to a part the action lies for that part which he wrongfully detains.

The case at bar must not become confounded with those of agency where the agent has rightfully accepted money, but wrongfully misapplied it. In this case the defendants had no right whatever to the money. When it was handed to the defendants it belonged to the plaintiff, it remained his, the defendants gave him nothing for it. They received it under circumstances which made any diversion of it fraudulent. They gained no title by their fraud. *Fraus et dolus nemini patrocianari debent.*

Upon the entire case plaintiff is entitled to recover $506.25, the amount claimed, with interst.

Affirmed on appeal by marine court general term.